IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PETER D. SLOAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 21-1478C |
| | ) (Judge Holte) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## JOINT STATUS REPORT

Pursuant to the Court's December 29, 2021 and October 25, 2022 orders, ECF Nos. 13, 26, plaintiff, Peter Sloan, and defendant, the United States, respectfully submit this joint status report.

On February 21, 2023, the Air Force Board for the Correction of Military Records (AFBCMR or board) issued its decision in this case. *See* Attachment. Consistent with the December 19, 2022 advisory opinion from the Director of Compensation Policy, Office of the Deputy Assistant Secretary of Defense for Military Personnel Policy (OSD), the AFBCMR recommended finding that Mr. Sloan should receive combat-related special compensation (CRSC) for sciatic nerve paralysis (left lower extremity radiculopathy); intervertebral disc syndrome (lumbosacral spine degenerative disc disease (L4-L5) with lumbar intervertebral disc syndrome, status post lumbar fusion); and middle radicular group paralysis (cervical radiculopathy left upper extremity. *See* Attachment.

Also consistent with OSD's advisory opinion, the AFBCMR further recommended that Mr. Sloan should not receive CRSC for tension headaches (migraines), insomnia disorder (sleep disturbances), or gastroesophageal reflux disease (GERD). *See id.*

On the same day, February 21, 2023, the AFBCMR's acting executive director issued a memorandum for the Air Force Chief of Staff, directing that Mr. Sloan's records should be corrected to reflect the board's recommendations.  *See id*.

The parties respectfully propose to file a joint status report advising the Court whether further proceedings are required, and if so, the nature of such proceedings, on or before April 21, 2023.

|  |  |
|---|---|
|  | Respectfully submitted, |
| /s/ Kevin Gaunt<br>Kevin Gaunt<br>Hunton Andrews Kurth LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>Tel.  (202) 419-2182<br>kgaunt@huntonAK.com | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>PATRICIA M. McCARTHY<br>Director |
| Esther N. Leibfarth<br>National Veterans Legal Services Program<br>1100 Wilson Blvd., Suite 900<br>Arlington, VA 22209<br>Tel.  (202) 621-5691<br>esther@nvlsp.org | /s/ Steven J. Gillingham<br>STEVEN J. GILLINGHAM<br>Assistant Director<br><br>/s/ Joshua A. Mandlebaum<br>JOSHUA A. MANDLEBAUM<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division |
| David M. Sonenshine<br>National Veterans Legal Services Program<br>1100 Wilson Blvd.,, NW, Suite 900<br>Arlington, VA 22209<br>Tel.  (202) 621-5681<br>david@nvlsp.org | U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel.  (202) 305-3091<br>Fax.  (202) 353-0461 |
| Andrew J. Turner<br>Hunton Andrews Kurth LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>Tel.  (202) 955-1658<br>aturner@HuntonAK.com | OF COUNSEL:<br><br>KENNETH M. HYNES<br>Major, Judge Advocate General's Corps<br>Litigation Attorney<br>U.S. Air Force Military Personnel Law<br>and Litigation Branch<br>Joint Base Andrews, Maryland |
| Attorneys for Plaintiff |  |
| March 9, 2023 | Attorneys for Defendant |



# DEPARTMENT OF THE AIR FORCE
### WASHINGTON DC

Office of the Assistant Secretary

DOCKET NUMBER BC-2019-04536-2

MEMORANDUM FOR THE CHIEF OF STAFF

    Having considered the recommendation of the Air Force Board for Correction of Military Records, and under authority delegated by the Secretary, I direct the following corrections be made to all pertinent records of the Department of the Air Force concerning PETER D. SLOAN, REDACTE :

    On 1 September 2014, in addition to the disabilities that were found by the Air Force Combat-Related Special Compensation (CRSC) Board to be combat-related, the following disabilities were also found to be combat-related and deemed qualified for CRSC: Sciatic nerve paralysis (left lower extremity radiculopathy) under Veterans Affairs Schedule for Rating Disabilities (VASRD) code 8520; intervertebral disc syndrome (lumbosacral spine degenerative disc disease (L4-L5) with lumbar intervertebral disc syndrome, status post lumbar fusion) under VASRD code 5243; and middle radicular group paralysis (cervical radiculopathy, left upper extremity) under VASRD code 8511.

    This directive is effective immediately. In accordance with Section 1552(a)(4) of Title 10, United States Code, it is final and conclusive on all officers of the United States, who are required to take all necessary and appropriate action consistent with the corrections noted above and the attached Record of Proceedings. Any additional request(s) made by the applicant or on the applicant's behalf referenced in Docket Number BC-2019-04536-2 are denied.

2/21/2023

X *Deborah F. Davidson*

Signed by: DAVIDSON.DEBORAH.F.1024387417
DEBORAH F. DAVIDSON, GS-14, DAF
Acting Executive Director
Air Force Board for Correction of Military Records

Attachment:
Record of Proceedings

```
Controlled by:  SAF/MRB
CUI Categories:  SP-MIL/SP-PRVCY
Limited Dissemination Control:  N/A
POC:  SAF.MRBC.Workflow@us.af.mil
```



CUI//SP-MIL/SP-PRVCY

# UNITED STATES AIR FORCE
# BOARD FOR CORRECTION OF MILITARY RECORDS

## ADDENDUM TO RECORD OF PROCEEDINGS

**IN THE MATTER OF:**            **DOCKET NUMBER:** BC-2019-04536

PETER D. SLOAN                   **COUNSEL:** MAYER BROWN LLP

                                 **HEARING REQUESTED:** NOT INDICATED

**APPLICANT'S REQUEST**

The Board reconsider his request for Combat-Related Special Compensation (CRSC).

**RESUME OF THE CASE**

The applicant is a disability retired Air Force technical sergeant (E-6).

On 15 Jul 20, the Board considered and denied his request to approve CRSC for sciatic nerve paralysis; intervertebral disc syndrome; migraine; and unspecified anxiety disorder, finding the applicant had provided insufficient evidence of an error or injustice to justify relief and noted the prior request was not timely submitted. The Board agreed with AFPC/DPFDC in that there was no evidence confirming his disabilities were the direct result of armed conflict, hazardous service, simulation of war, or through an instrumentality of war.

For an accounting of the applicant's original request and the rationale of the earlier decision, see the AFBCMR Letter and Record of Proceedings at Exhibit E.

On 29 Dec 21, the United States Court of Federal Claims remanded the case, instructing the AFBCMR to:

a. Obtain an advisory opinion from the Director of Compensation, Office of the Deputy Assistant Secretary of Defense for Military Personnel Policy and give the applicant an opportunity to respond to that opinion in accordance with the Board's usual procedures.
b. Consider the response the applicant attempted to submit by e-mail on 28 May 20.
c. Consider the applicant's application, and any new arguments or evidence he presents on his existing claims, in accordance with the Board's otherwise applicable procedures and powers, including but not limited to the Board's power to seek additional advisory opinions.
d. Reconsider its determination that the applicant's application was untimely, and that the interests of justice do not warrant waiver of the three-year deadline.
e. If the AFBCMR determines the applicant's application was untimely, and that the three-year deadline should not be waived in the interests of justice, see 10 U.S.C. § 1552(b) (2018), the Board shall explain fully:
   i. When the applicant discovered the alleged "error or injustice," including an explanation of what the applicant discovered before receiving a partial denial from the CRSC board.

AFBCMR Docket Number BC-2019-04536-2
CUI//SP-MIL/SP-PRVCY

Controlled by:  SAF/MRB
CUI Categories:  SP-MIL/SP-PRVCY
Limited Dissemination Control:  N/A
POC:  SAF.MRBC.Workflow@us.af.mil

ii.  The basis for any finding that it would not be in the interests of justice to excuse the untimeliness.

The United States Court of Federal Claims remand order is at Exhibit F.

On 26 Jan 22, the AFBCMR staff sent correspondence to the applicant's counsel requesting any additional evidence for the Board's consideration (Exhibit G).

On 17 Feb 22, the applicant submitted his request for reconsideration to have his record corrected to reflect CRSC approval for sciatic nerve paralysis; intervertebral disc syndrome; middle radicular group paralysis; anxiety disorder (insomnia disorder); and tension headaches (migraines).

On reconsideration, the applicant, through counsel contends the following:

The AFBCMR should provide relief based on the applicant was seriously injured in two separate incidents in 2013 while on a special operations deployment and as a result, he is 100 percent disabled. His 100 percent disability is due to injuries sustained as a direct result of armed conflict, while engaged in hazardous service, or through an instrumentality of war, and thus entitled to a 100 percent CRSC rating. The CRSC Board incorrectly found that only 30 percent of his disabilities to be combat-related. Once again, he is providing a signed statement by the applicant's physician, dated, 26 May 20, a retired Air Force flight surgeon who treated the applicant for his neck and back injuries shortly after they were sustained, corroborating the injuries were sustained as a direct result of armed conflict, while engaged in hazardous service, or through an instrumentality of war and more specifically, the injuries were sustained during "flight operations while deployed." His injuries were directly caused by at least three instrumentalities of war: (1) a dual-propeller medium fixed-wing aircraft attached to a counter-terrorism task force; (2) a generator utilized in a classified combat zone; and (3) a helmet and night vision equipment designed primarily, if not specifically, for military service. All three of these instrumentalities injured the applicant in ways that were incident to unique hazards or risks of military service: the vibration of the aircraft's engines during an engine-running on-load of special operators and their equipment, and wet ramp caused by a rapid combat descent, caused him to fall; the 400 to 600 hundred pound generator, a piece of equipment utilized in the field and which he was carrying up the ramp during the on-load, fell on him as he hit the deck; and the helmet and night vision equipment whiplashed his head during an aborted short takeoff attempt.

Counsel further contended, the initial request to the AFBCMR (13 May 19) was submitted within three years after the CRSC Board denied his claim (6 Mar 17) and therefore should be considered as timely.

The applicant's complete submission is at Exhibit H.

On 13 Sep 22, per request from the Office of the Deputy Assistant Secretary of Defense for Military Personnel Policy, the AFBCMR staff requested additional medical documentation from the applicant (Exhibit J) and on 15 Sep 22, the applicant provided the documentation (Exhibit K).

**EVALUATION**

The Director of Military Compensation Policy (Military Personnel Policy) finds evidence substantiating that certain service-connected disabilities the applicant incurred are combat-related. In accordance with Principal Deputy Under Secretary of Defense for Personnel and Readiness Directive-Type Memorandum, dated 27 Apr 04, and Principal Deputy Under Secretary of Defense for Personnel and Readiness Memorandum, dated 3 Jun 08, the burden of proof that a disability is combat-related rests with the claimant, who must provide any supporting documents to the *best of*

*their ability* [emphasis added]. The applicant submitted relevant evidence substantiating that certain service-connected disabilities he incurred are combat-related. The nature and austere location of the special mission operations the applicant participated in during his deployment severely hampered his ability to obtain medical care in the immediate aftermath of the incidents on 7 and 13 Jan 13 in which his injuries were incurred, and would later, make it impossible for him to obtain the kind of contemporaneous detailed diagnostic and treatment records that normally would accompany a CRSC claim in cases similar to his. It is, therefore, opined that the applicant did meet the burden of proof, and documentary evidence requirements, to the best of his ability with respect to certain aspects of his CRSC claim.

After a careful review of the compendium of documentary evidence, including the applicant's records and records obtained directly from Office of the Command Surgeon, Headquarters Air Force Reserve Command, and by a preponderance of the evidence, the Director of Military Compensation Policy (Military Personnel Policy) finds the following:

1. The applicant is a retired member of the Air Force entitled to retired pay;
2. The Veterans Affairs (VA) assigned the applicant service-connected compensable disability ratings (including a Veterans Affairs Schedule for Rating Disabilities (VASRD) medical diagnosis code) for back, neck, paresthesias, and radiculopathy injuries, as well as for migraine headaches, insomnia disorder, gastroesophageal reflux disease (GERD), painful scars, status-post knee surgery, and tinnitus, and his retired pay has been subject to offset in accordance with the provisions of 38 U.S.C. §§5304 and 5305;
3. The applicant deployed to an undisclosed location in an austere environment on the African continent and, during the deployment, participated in classified, special mission operations as an aircraft loadmaster from Dec 2012 through Feb 2013;
4. On 7 Jan 13, during a classified exfiltration operation, the applicant sustained injuries while he and three other individuals were carrying a 400 to 600-pound electrical generator up the cargo ramp of a military aircraft, during which time he slipped on the ramp, fell backwards and down, hitting his head and back and losing control of the generator, which landed on top of him;
5. On the evening of 13 Jan 13, the applicant participated in another classified special mission operation in which he sustained injuries while in the jump seat of a fixed-wing aircraft, when the pilot suddenly and abruptly stopped the take-off to avoid a collision with animals in the path of the aircraft, causing the applicant to bend over, resulting in his head violently and rapidly jerking forward and back (whiplash);
6. The applicant discussed his injuries with the attending Air Force flight surgeon via secure communications during his deployment and as corroborated by the surgeon, his medical issues at the time included ongoing pain in his lower left back, neck, and arm as well as symptoms typical of radiculopathy, which were from injuries the surgeon believed were sustained by the applicant during his participation in flight operations while deployed;
7. The generator the applicant was involved in carrying on 7 Jan 13 meets the CRSC criteria to be considered an instrumentality of war, and that the special mission flight operation he participated in on 13 Jan 13 meets the CRSC criteria to be considered hazardous service in which he was engaged;
8. Insufficient evidence exists to support a finding that the disabilities of tension headaches (migraines) [VASRD code 8199-8100], insomnia disorder (sleep disturbances) [VASRD code 9499-9413], and gastroesophageal reflux disease (GERD) [VASRD code 9499-9413], determined by the VA to be service-connected and compensable were the result of the injuries the applicant sustained during the special mission operations he participated in on 7 and 13 Jan 13:
9. Insufficient evidence exists to substantiate that the special mission operations the applicant participated in on 7 and 13 Jan 13 meet the CRSC criteria to be considered armed conflict, and thus, it is found none of the disabilities determined by the VA to be service-connected and compensable were incurred by the applicant as a direct result of armed conflict.

Therefore, the Director of Military Compensation Policy (Military Personnel Policy) opines that the applicant received service-connected, compensable VA disability ratings for back, neck, and radiculopathy injuries that were incurred through an instrumentality of war (the generator) and while engaged in hazardous service (the special mission flight operation he participated in on 13 Jan 13), and that a sufficient causal relationship exists between the instrumentality of war/hazardous service and the injuries that resulted in the service connected compensable disabilities. Moreover, in addition to the VA-rated disabilities as service-connected and compensable that were found by the Air Force CRSC Board to be combat-related, it is opined that the following disabilities for which the applicant seeks reconsideration, are also combat-related and qualify him for recomputation of his CRSC:
- Sciatic nerve paralysis (left lower extremity radiculopathy) [VASRD code 8520];
- Intervertebral disc syndrome (lumbosacral spine degenerative disc disease (L4-L5) with lumbar intervertebral disc syndrome, status post lumbar Fusion) [VASRD code 5243]; and,
- Middle radicular group paralysis (cervical radiculopathy left upper extremity) [VASRD code 8511].

However, the Director of Military Compensation Policy (Military Personnel Policy) opines the applicant was not a victim of error or injustice regarding the determination by the Air Force CRSC Board that his VA-rated disabilities of tension headaches (migraines) [VASRD code 8199-8100], and insomnia disorder (sleep disturbances) [VASRD code 9499-9413], are not combat-related. It is opined as well, that these two disabilities, as well as gastroesophageal reflux disease (GERD) [VASRD code 9499-9413], are not combat-related and do not qualify for payment of CSRC.

The complete advisory opinion is at Exhibit L.

**APPLICANT'S REVIEW OF EVALUATION**

The Board sent a copy of the advisory opinion to the applicant on 20 Dec 22 for comment (Exhibit M), and the applicant replied on 17 Jan 23. On behalf of the applicant, counsel agrees with the findings of the advisory opinion with respect to the applicant's sciatic nerve paralysis, intervertebral disc syndrome, and middle radicular group paralysis are combat-related and requests the AFBCMR adopt the advisory opinion's findings for these injuries.

Regarding the advisory opinion's conclusion the applicant's tension headaches (migraines) and insomnia disorder are not combat-related. Counsel reiterates his contention that during the applicant's mission on 13 Jan 13, the applicant was wearing a military helmet and night vision goggles weighing approximately 14-16 pounds when his aircraft rejected a takeoff, and his head jerked rapidly and violently. The weight of the helmet and night vision goggles further exacerbated the whiplash. Due to the nature and location of the mission, this prevented him from receiving direct medical treatment after the injuries. As such, there is no contemporaneous documentation of these injuries. The advisory opinion properly finds that the absence of contemporaneous, in-service medical records did not preclude the applicant from setting forth sufficient evidence that the following disabilities were combat-related: sciatic nerve paralysis, intervertebral disc syndrome, and middle radicular group paralysis. The Air Force flight surgeon states in his letter, "I believe [the applicant] sustained injuries during the conduct of flight operations while deployed." He does not differentiate between the nature of injuries sustained by the applicant, nor does the advisory opinion. Here, a preponderance of available documentary information demonstrates that the applicant's injuries, including his tension headaches and insomnia disorder, were directly caused by an instrumentality of war and hazardous service. Moreover, there is no evidence to suggest that the applicant's injuries were caused by anything other than a combat-related event.

Counsel concludes that under the proper evidentiary standard and the preponderance of available documentary information, it is more likely than not that the applicant incurred all of the injuries noted above "while engaged in hazardous service" and/or "through an instrumentality of war." Counsel encourages the AFBCMR to adopt the advisory opinion's conclusion that the disabilities of sciatic nerve paralysis, intervertebral disc syndrome, and middle radicular group paralysis sustained by the applicant were combat-related and reconsider the decision of the CRSC Board regarding the disabilities of tension headaches, insomnia disorder, and GERD in order to award him CRSC for all aforementioned disabilities.

The applicant's complete response is at Exhibit N.

**FINDINGS AND CONCLUSION**

After reviewing all Exhibits, the report provided by the Court remand order, the applicant's new evidence and rebuttal, and the office of primary responsibility's advisory opinion, the Board concludes the applicant is the victim of an error or injustice in part. Specifically, the applicant has provided sufficient evidence that his sciatic nerve paralysis, intervertebral disc syndrome, and middle radicular group paralysis are combat-related and qualify for CRSC. In our review, the Board explicitly followed the Court remand order to:

   a. Obtain an advisory opinion from the Director of Compensation, Office of the Deputy Assistant Secretary of Defense for Military Personnel Policy and give the applicant an opportunity to respond to that opinion in accordance with the Board's usual procedures.
   b. Consider the response the applicant attempted to submit by e-mail on 28 May 20.
   c. Consider the applicant's application, and any new arguments or evidence he presents on his existing claims, in accordance with the Board's otherwise applicable procedures and powers, including but not limited to the Board's power to seek additional advisory opinions.
   d. Reconsider its determination that the applicant's application was untimely, and that the interests of justice do not warrant waiver of the three-year deadline.
   e. If the AFBCMR determines the applicant's application was untimely, and that the three-year deadline should not be waived in the interests of justice, see 10 U.S.C. § 1552(b) (2018), the Board shall explain fully:
      i. When the applicant discovered the alleged "error or injustice," including an explanation of what the applicant discovered before receiving a partial denial from the CRSC board.
      ii. The basis for any finding that it would not be in the interests of justice to excuse the untimeliness.

Additionally, the Board ordered an advisory opinion from the office of primary responsibility and reconsidered the entirety of the application to address the remand order's following three takeaways:

   1) The AFBCMR's omission of an advisory opinion from the Director of Compensation.
   2) The AFBCMR apparently did not receive a response that the applicant attempted to send by e-mail on 28 May 20.
   3) The applicant's assertion that the AFBCMR erroneously determined his application was untimely.

As for the first takeaway, the Board requested and received an advisory opinion from the Director of Military Compensation Policy (Military Personnel Policy) for consideration in determining the applicant's request for CRSC eligibility for sciatic nerve paralysis, intervertebral disc syndrome, middle radicular group paralysis, tension headaches, insomnia disorder, and GERD.

As for the second takeaway, the Board concedes that the applicant's response, dated 28 May 20, including counsel's email and statement and a signed statement from the applicant's Air Force flight surgeon, dated 26 May 20, was not considered by the Board in the original case. The Board has no record the response was received. Nevertheless, both the Director of Military Compensation Policy (Military Personnel Policy) and the Board considered the response for this addendum case.

As for the third takeaway, the Board notes the applicant's original submission, submitted on or about 13 May 19, was initially considered untimely by the Board. However, the Board also notes the applicant first exhausted all avenues of relief through the CRSC Board on 30 Jan 17 and subsequently submitted a request to the AFBMCR within three years of the CRSC Board's results (16 Mar 17). Therefore, the Board finds the applicant's request to be timely in accordance with Section 1552 of Title 10, United States Code, and Air Force Instruction 36-2603, *AFBCMR*.

With regard to the applicant's request that he be granted CRSC for his VA-rated medical disabilities of tension headaches, insomnia disorder, and GERD; the Board does not find them to be combat-related. Specifically, the Board does not find sufficient evidence for definite, documented, causal relationship between the disabilities and his special operations missions conducted on 7 Jan 13 and 13 Jan 13. Therefore, we agree with the opinion and recommendation of the Director of Military Compensation Policy (Military Personnel Policy) and adopt their rationale as the basis for our conclusion that the evidence presented did not demonstrate an error or injustice, and the Board therefore finds no basis to recommend granting this portion of the applicant's request. Therefore, the Board recommends correcting the applicant's records as indicated below.

The applicant has not shown a personal appearance, with or without counsel, would materially add to the Board's understanding of the issues involved.

**RECOMMENDATION**

On 1 Sep 14, in addition to the disabilities that were found by the Air Force CRSC Board to be combat-related, the following disabilities were also found to be combat-related and deemed qualified for CRSC: Sciatic nerve paralysis (left lower extremity radiculopathy) under VASRD code 8520; intervertebral disc syndrome (lumbosacral spine degenerative disc disease (L4-L5) with lumbar intervertebral disc syndrome, status post lumbar fusion) under VASRD code 5243; and middle radicular group paralysis (cervical radiculopathy, left upper extremity) under VASRD code 8511.

However, regarding the remainder of the applicant's request, the Board recommends informing the applicant, the evidence did not demonstrate material error or injustice, and the application will only be reconsidered upon receipt of relevant evidence not already considered by the Board.

**CERTIFICATION**

The following quorum of the Board, as defined in Air Force Instruction (AFI) 36-2603, *Air Force Board for Correction of Military Records (AFBCMR)*, paragraph 1.5, considered Docket Number BC-2019-04536-2 in Executive Session on 8 Feb 23:

    Mr. William L. Troy, Panel Chair
    Mr. Neil R. Greene, Panel Member
    Mr. John M. Piva, Panel Member

All members voted to correct the record.  The panel considered the following:

    Exhibit E:  Record of Proceedings, w/ Exhibits A-D, dated 15 Jul 20.
    Exhibit F:  United States Court of Federal Claims Order, dated 29 Dec 21.
    Exhibit G: Correspondence to Applicant, SAF/MRBC, dated 26 Jan 22.
    Exhibit H: Applicant's Response, w/atchs, dated 17 Feb 22.
    Exhibit I:   Air Force CRSC Board Case file, various dates.
    Exhibit J:   Correspondence to Applicant, SAF/MRBC, 13 Sep 22.
    Exhibit K: Applicant's Response, w/atchs, dated 15 Sep 22.
    Exhibit L:  Advisory Opinion, OASD MPP-Compensation, dated 19 Dec 22.
    Exhibit M: Notification of Advisory, SAF/MRBC to Applicant, dated 20 Dec 22.
    Exhibit N: Applicant's Response, dated 17 Jan 23.

Taken together with all Exhibits, this document constitutes the true and complete Record of Proceedings, as required by AFI 36-2603, paragraph 4.11.9.

2/21/2023

X _____

Board Operations Manager, AFBCMR
Signed by: HUTSON.JANET.MARIA.1180951446